**Donna M. BOUTIN**

v.

**William DIONNE.**

Supreme Judicial Court of Maine.

Argued March 18, 1983.

Decided April 12, 1983.

---

Lipman & Parks, P.A., Barbara L. Raimondi (orally), Augusta, for plaintiff.

Thomas Nale (orally), Waterville, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ.

McKUSICK, Chief Justice.

On January 21, 1982, the District Court (Waterville) entered a post-divorce order changing the custody of a previously divorced couple's two sons, then aged six and a half and eight, from the mother, now Mrs. Boutin, to the father, Mr. Dionne. Finding that the homes of the father and the mother were otherwise equally suitable for the upbringing of the Dionne boys, the District Court rested its decision principally upon the use of marijuana, to the knowledge of the boys, in the mother's home by her new husband and others. On appeal by the mother, the Superior Court affirmed, and so do we.

■ The legal principles here applicable are well established and well known. In connection with both the original divorce judgment and later motions for change of custody, the sensitive questions relating to the upbringing of minor children of the divorced couple must of necessity be committed to the sound judgment of the trial judge who hears the witnesses who describe the relevant circumstances of the particular case. An appellate court can review the decision of the trial judge only for a clear abuse of discretion or other error of law. *Ziehm v. Ziehm,* 433 A.2d 725, 730 (Me. 1981). Only a substantial change in circumstances since the prior custody decree can justify modifying that decree; and at all times the overriding consideration must be the best interests of the children. *Stevens v. Stevens,* 448 A.2d 1366, 1369 (Me.1982).

■ We can find no reversible error of law in the action of the District Court in changing the custody of the Dionne boys from their mother to their father. The trial judge committed no abuse of discretion in deciding that a substantial change of circumstances had occurred since the original divorce decree by the introduction of the open use of marijuana into the original custodial home. Nor on this record can he

be said to have abused his discretion by deciding that under these substantially altered circumstances the children's best interests would be served by changing their principal home to that of their father.

The entry is:

Judgment affirmed.

All concurring.