**Paul A. VILLA**

v.

**Claire SMITH.**

Supreme Judicial Court of Maine.

Argued Sept. 3, 1987.
Decided Dec. 24, 1987.

Roderick H. Potter (orally), Potter & Jamieson, Saco, for plaintiff.

Neil S. Shankman (orally), Legal Center of Maine, Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK, and CLIFFORD, JJ.

McKUSICK, Chief Justice.

On June 25, 1986, the District Court (Lewiston), entered a post-divorce order refusing to change the primary custody of a previously divorced couple's three children from the mother, Claire Smith, to the father, Paul Villa, even though the mother was moving with the children from Maine to California. The father appealed to the Superior Court (Androscoggin County), which affirmed. On further appeal the father contends: 1) the District Court erred in finding that the mother's impending move to California was not a sufficiently substantial change in circumstances to warrant a change in custody; 2) the District Court abused its discretion in denying the father's request for appointment of an independent expert witness and in also refusing the father's request to change his visitation schedule to facilitate weekday consultation between the children and a child psychologist to be hired by the father to testify at the motion hearing; and 3) that the best interest standard set forth in 19 M.R.S.A. § 752(5) (Supp.1986) is unconstitutionally vague. We find no merit in any of these contentions.

## I.

At the end of the father's case, the District Court, upon an M.R.Civ.P. 50(d) motion by the mother, found that the mother's impending move to California, as a result of her present husband's transfer there by the Navy, was not a sufficient change in circumstances to warrant altering the children's primary custody. Upon the father's timely request under M.R.Civ.P. 52, the District Court filed further findings that

addressed the pertinent factors listed in the 19 M.R.S.A. § 752(5) "best interest" analysis.

 As we stated in *Boutin v. Dionne,* 458 A.2d 426, 426 (Me.1983):

> Only a substantial change in circumstances since the prior custody decree can justify modifying that decree; and at all times the overriding consideration must be the best interests of the children.

Although in *Stevens v. Stevens,* 448 A.2d 1366, 1369 (Me.1982), our analysis bifurcated the issue posed by a motion for modification of child custody, the question is essentially a single one: Has there occurred since the prior custody order a change in circumstances sufficiently substantial in its effect upon the best interest of the children as to justify a modification of the custody arrangement? All aspects of that "sensitive question[ ] relating to the upbringing of minor children of the divorced couple" are heavily fact-bound and "must of necessity be committed to the sound judgment of the trial judge who hears the witnesses who describe the relevant circumstances of the particular case." *Boutin v. Dionne,* 458 A.2d at 426. In the exercise of that judgment the trial judge may consider only changed circumstances that are relevant to or affect the best interests of the minor children, and no modification of an existing custody order is justified by any changes that have less than a *substantial* effect upon those best interests. That requirement of substantiality acts as a beneficial rule of repose contributing both to the stability of the children's lives and to the avoidance of repetitious court proceedings on the custody issue. The substantiality aspect is fully as discretionary as any other aspect of the single question to be decided on a motion for child custody modification; substantiality is not a legal matter on which we as the appellate court can reverse the trial court's decision merely because we sitting individually to hear the motion would have decided it differently. It also is impractical, and even irrelevant, for the motion justice to decide as a threshold matter whether a substantial change in circumstances has occurred in the abstract, without consideration of the significance of that change in its impact upon the best interest of the children. The test of substantiality is the degree of significance the change has had in affecting the children's interest.

 On that single question litigated in the District Court hearing on the father's motion, he as the moving party had the burden of proof. The court found that he had not sustained that burden; that on the evidence presented a change of primary custody was not justified. In the father's case in chief at the motion hearing, the District Court heard testimony from two of the children and from the children's day care provider and dance teacher, as well as from the father's employer, pastor, and roommate. In addition, the court received evidence concerning the mother's plans for the children's housing and schooling in California. On this record the father, now the appellant before us, can demonstrate no abuse of discretion in the District Court's denial of his motion for modification of the custody arrangement.

## II.

 The District Court declined to exercise its power under M.R.Evid. 706(a) to appoint an independent expert witness to make a psychological examination of the children. The advisers' note to M.R.Evid. 706(a) declares that the trial judge's power to appoint an independent expert "should be resorted to only in exceptional situations." M.R.Evid. 706 advisers' note, Field & Murray, *Maine Evidence* 290 (1987). Child custody decisions are consigned to the discretion of the trial court, and the District Court did not abuse that discretion by refusing to appoint a child psychologist to interview young children concerning their attitudes toward a future move.

The District Court authorized the father to arrange up to six hours of psychological consultations but refused to change the father's visitation schedule to allow him

weekday access to the children. The record does not indicate that consultations were possible only during weekday hours. The District Court did not abuse its discretion in refusing to disrupt the children's routine to allow weekday consultation with a child psychologist hired to testify at trial.

### III.

The father contends that 19 M.R.S.A. § 752(5) is unconstitutionally vague. The weakness of this argument is demonstrated by the concession of the father's counsel at oral argument that there is nothing unconstitutionally vague about the test "best interest of the child" standing alone. The legislative addition of twelve specific factors to be considered in a court's best interest analysis did not render the "best interest" standard vague. The trial court, under 19 M.R.S.A. § 752(5), considers eleven specific factors, such as the age and preference of the child, as well as "all other factors having a reasonable bearing" on the child's well-being in determining what custodial arrangement is in a child's best interest. The statutorily specified factors are nothing more or less than itemized considerations that the trial judge would, in absence of statute, naturally take into account in exercising his sound judgment on the sensitive issue of child custody. *Boutin v. Dionne,* 458 A.2d at 426. The specificity of section 752(5) is clearly adequate to survive a void-for-vagueness challenge, while allowing the trial court to retain sufficient flexibility to fulfill its function as *parens patriae* to the child. *Harmon v. Emerson,* 425 A.2d 978, 984 (Me.1981).

The entry is:

Judgment affirmed.

GLASSMAN and CLIFFORD, JJ., concurring.

SCOLNIK, Justice, with whom NICHOLS and WATHEN, Justices, join, concurring.

I concur in the result but write separately to express my disagreement with the court's treatment of the custody issue in Part I.

In *Stevens v. Stevens,* 448 A.2d 1366, 1369 (Me.1982), this court set forth a two prong analysis for modifications of child custody. The first prong is a threshold determination whether a sufficient change in circumstances has occurred since the prior judgment to warrant a full consideration under the second prong whether the best interests of the children require a change of custody. The court's opinion seeks to distill the two prongs of the *Stevens* analysis into a single question: "Has there occurred since the prior custody order a sufficiently substantial change in the circumstances affecting the best interests of the children to justify a modification of the custody arrangement?" Op. at 1312.

I believe the shift to a "single prong review" unwisely ignores the sound purpose underlying the two part *Stevens* analysis. As explained more fully in my dissent in *Philbrick v. Cummings,* 534 A.2d 1307 (Me.1987), decided this day, the two tiered review is grounded in the principles of *res judicata* and is designed to prevent repeated full-blown post-judgment custody hearings in cases where there is no new relevant information to be considered. *See Stevens,* 448 A.2d at 1370. Under the single question posed by the court, there is no initial threshold requirement to be met by the moving party and the trial court must conduct, in each case, a full hearing for the simultaneous consideration of both *Stevens* prongs. The court's departure from the *Stevens* threshold question is unnecessary, and is not in the interest of the parties, the children, or judicial economy. Indeed, in those cases in which a relevant change in circumstances is not shown, judicial economy is best served by not requiring an expanded hearing that includes a repetition of evidence of circumstances that existed at the time of the previous hearing and which remain unchanged.

Although I disagree with the court's method of analysis, I concur in its result. The trial court stated in its order that the

defendant's impending move to California was an insufficient change in circumstances to warrant modification of custody arrangements. Under the first prong independent review required by *Stevens*, I conclude that a move from Maine to California is indeed a substantial change in circumstances that warranted reconsideration of the best interests of the children under the second prong of *Stevens*, and the court's contrary finding on the substantial change in circumstances issue was a clear abuse of discretion. Accordingly, the trial court would have erred in deciding the motion solely on the first prong, as was the case in *Philbrick*. However, this case is distinguishable from *Philbrick* since the trial court clearly went on to consider the merits of the case under the second prong of *Stevens* and those issues were correctly decided.