**Brenda L. PHILBRICK**

v.

**Stephen CUMMINGS.**

Supreme Judicial Court of Maine.

Argued Sept. 4, 1987.

Decided Dec. 24, 1987.

Lester F. Wilkinson, Jr. (orally), Sanborn, Moreshead, Schade & Gifford, Augusta, for plaintiff.

Joseph M. O'Donnell (orally), Goodspeed & O'Donnell, Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

On June 9, 1986, the District Court (Augusta) denied the motion of Stephen Cummings to amend a 1980 divorce judgment to shift the primary custody of his two daughters (then aged 9 and 10) to him from their mother, Brenda L. Philbrick. The Superior Court (Kennebec County) affirmed the District Court denial. On further appeal, we also affirm.

Once the divorce court has made a determination of child custody arrangements, it may on motion alter those arrangements "as circumstances require."

19 M.R.S.A. § 752(12) (Supp.1986). We have made clear in the past, however, that "[o]nly a substantial change in circumstances since the prior custody decree can justify modifying that decree; and at all times the overriding consideration must be the best interests of the children." *Boutin v. Dionne*, 458 A.2d 426, 426 (Me.1983). Thus the District Court correctly noted that for Mr. Cummings to prevail he had to sustain the burden of establishing that "since the divorce on July 8, 1980, there has been a substantial change in circumstances affecting the interest[s] of the two minor children of the parties." The court determined that "[n]othing in evidence relative to [the mother's] several moves reflects substantially changed circumstances affecting the interests of the children." On appeal we will disturb the court's determination only for clear error in the court's finding of the historical facts of change, *see Harmon v. Emerson*, 425 A.2d 978, 982 (Me.1981), or for abuse of discretion in its evaluation of the substantiality of the effect upon the children's interests of any factual change, *see Ziehm v. Ziehm*, 433 A.2d 725, 730 (Me.1981). We find no reversible error in the court's conclusion.

The evidence did show that the circumstances for both the mother and the father of the Cummings children had changed to some extent in the six years since the divorce. The question before the motion judge, however, was whether the father had proved by a preponderance of the evidence that those changes were of sufficient substantiality in their effect upon the interests of the Cummings children to warrant changing their primary custody from the mother to the father. Exercising the broad discretion vested in him to find the facts and to make the required judgment call, the motion judge found such proof absent. We cannot say that the evidence compelled him to reach a contrary conclusion.

The entry is:

Judgment affirmed.

GLASSMAN and CLIFFORD, JJ., concur.

SCOLNIK, Justice, with whom NICHOLS, Justice, joins, dissenting.

Because the court's opinion incorrectly implies that the District Court considered whether the interests of the children warrant a custody change, and because I am persuaded that the District Court erred in concluding that circumstances affecting the children had not changed substantially, I respectfully dissent.

I disagree with the court's characterization of the issues considered by the District Court and with its statement concerning the trial court's conclusions. The opinion states:

> The question before the motion judge ... was whether the father had proved by a preponderance of the evidence that those changes were of sufficient substantiality in their effect upon the interests of the Cummings children to warrant changing their primary custody from the mother to the father. Exercising the broad discretion vested in him to make the required judgment call, the motion judge found such proof absent. (citation omitted).

Op. at 1308. The court's opinion blends the two separate issues actually before the District Court into one question and gives the erroneous impression that the denial of the motion resulted from the motion judge's consideration of both issues. This is clearly not the case.

The District Court actually applied the strict bifurcated analysis set forth in *Stevens v. Stevens*, 448 A.2d 1366, 1369 (Me.1982). The District Court's order stated:

> [P]otentially, there are two issues before the court, the first being, whether since the divorce on July 8, 1980, there has been a substantial change in circumstances affecting the interest of the two minor children of the parties, and if such were found, whether it would be in the best interest of the children to effect an amendment of the orders respecting parental rights and responsibilities.

The first prong is a threshold question by which the court must determine whether

sufficient changes in circumstances have occurred since the prior judgment to warrant a full consideration of the merits of the case. Contrary to the court's suggestion that changes in circumstances "affecting the interests of children" implicate a best interests analysis, *Stevens* teaches that the two prong analysis requires that the changes in prong one merely be changes of a relevant nature. Accordingly, this first determination does not implicate a best-interests analysis but merely decides whether a full-blown merits hearing is warranted. We review this determination against an abuse of discretion standard. If, after the first prong independent review mandated by *Stevens*, a substantial change of circumstances is found to have occurred, the court may then expand the hearing for presentation of all of the evidence under the second prong to decide whether, after consideration of both the changed and unchanged circumstances, the best interests of the children require a change in custody. This two tiered review requiring a determination of a substantial change before a consideration of the best interests of the children is based on principles of *res judicata* and is designed to save the parties, the children, and the court from repeated post judgment custody hearings in cases where there is no significantly new relevant information to be considered. *Stevens*, 448 A.2d at 1370.

In the case before us, the District Court judge concluded that "[a] determination with respect to the first issue is dispositive of the instant motion." Contrary to the implications in the court's opinion, the District Court obviously decided the motion solely on the threshold change in circumstances issue and did not go on to consider whether the best interests of the children required a custody change. While the court appears to have based its opinion on the assumption that the trial judge, exercising his discretion, implicitly considered the second issue in finding the first dispositive, the judge by his express disclaimer must be taken at his word, leaving no basis for the conclusion set forth in this court's opinion.

Moreover, in determining the best interests of the child under the second prong of the *Stevens* analysis, a judge is bound to employ the standards set forth in the twelve factors found under 19 M.R.S.A. § 214(5) (1986 Cum.Supp.). Although the court need not specifically discuss all twelve factors, it is clear that the District Court considered none of them, compelling the inference that the second issue was never addressed.

Where the trial court has so clearly employed the two prong *Stevens* analysis, and has expressly stated that it is deciding the motion exclusively on the first prong, we have no principled alternative but to review the court's limited decision without drawing inferences that are unsupported by the record.

Furthermore, the District Court abused its discretion in finding that the defendant failed to establish a substantial change in circumstances. In the six years since the divorce, the plaintiff and the two minor children in her custody have moved four times. The moves have resulted in eight or more different school placements for the children. Since the divorce, the mother has also married and divorced again, and has had a live-in male friend. One of the children has manifested apparent psychosomatic stomach upsets, and has behavioral problems and nightmares. The defendant father who brought the motion for a change of custody remarried shortly after the divorce and has continued to live at the same location since then.

This evidence compels the conclusion that the circumstances affecting the parties and their children have clearly changed substantially, if not dramatically, since the parties' divorce. Whether the best interests of the children require a change in some aspect of the prior custody order is a separate issue that should not be confused or merged with the consideration whether a party has met the threshold burden of demonstrating a substantial change in circumstances. The threshold requirement serves to prevent an unnecessary "rehash" of the

same issues that led to the prior judgment. However, when a party can show that the original circumstances have indeed changed in a substantial and relevant manner, the burden is sustained and the court must then proceed to determine whether the new set of circumstances warrants a custody change in the best interests of the children. The defendant has clearly satisfied his burden in the instant case and the court erred in failing to exercise its discretion under the second prong of the *Stevens* analysis.

In conclusion, the court's dilution of the prudential two prong method of analysis that we established in *Stevens* will be regarded as a license to insist on the re-presentation of evidence heard in prior proceedings and as a diminution of the trial court's discretion to restrict the hearing. Past experience teaches that hearings subject to potential abreviation under *Stevens* are likely to be extended for several days. I would not tamper with the *Stevens* method of bifurcated analysis and would vacate the judgment with instructions to the Superior Court to vacate and remand to the District Court for further proceedings.