**Daniel R. GREELEY**

v.

**Adelia A. GREELEY.**

Supreme Judicial Court of Maine.

Argued Nov. 3, 1989.
Decided Dec. 7, 1989.

David K. Fulton (orally), Eliot, for plaintiff.

Kenneth R. Clegg (orally), Bourque & Clegg, Sanford, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Adelia Greeley appeals a District Court order modifying a divorce judgment and changing the primary physical residence of her children to that of their father, Daniel Greeley. The mother contends that there has been no substantial change of circumstances that would justify changing the children's primary physical residence. We affirm.

While the Greeley's divorce action was pending, the primary physical residence of their two children, then ages two and one, alternated weekly between the mother, in Connecticut, and the father, in Maine. In July 1986 the District Court (Kittery, *Cole, J.*) entered a divorce judgment ordering that the primary physical residence be with the mother "on a temporary basis," and that the order be reviewed by August 1988.

In March 1987 the father filed a motion pursuant to 19 M.R.S.A. § 752 (Supp.1988) to modify the divorce judgment on the basis that there had been a substantial change of circumstances and that the best interest of the children justified a change of their primary physical residence to the father. After two hearings on the motion, the District Court (Kittery, *Henry, J.*) ordered that the primary physical residence of the children be with the father. The Superior Court (York County, *Fritzsche, J.*) affirmed.

We adopt the reasoning of Chief Justice McKusick's opinion in *Villa v. Smith,* 534 A.2d 1310, 1312 (Me.1987) that the trial court should address the issues presented in a motion to modify the custody of minor children as a single question: Has there occurred since the prior custody order a change in circumstances sufficiently substantial in its effect upon the best interest of the children as to justify a modification of the custody arrangement? Contrary to the mother's contention, we conclude that the record supports the court's finding that such a change had occurred. We also conclude that the mother's other contentions are without merit.

The entry is:

Judgment affirmed.

All concurring.