Kimberly A. EHRLICH

v.

Lawrence P. BLOOM.

Supreme Judicial Court of Maine.

Argued Nov. 16, 1990.

Decided Jan. 28, 1991.

Peter B. Bickerman (orally), Roger Katz, Lipman & Katz, Augusta, for plaintiff.

Lawrence Bloom (orally), Ardmore, Pa., pro se.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Defendant Lawrence P. Bloom appeals from an order of the Superior Court (Kennebec County, *Brody, C.J.*) amending a divorce decree to modify the custody arrangements of the defendant's two children initiated by plaintiff, Kimberly A. Ehrlich, the mother. On appeal, defendant challenges the Superior Court's exercise of jurisdiction over this case, its modification of the custody arrangement and several other rulings. Finding no abuse of discretion or harmful error in any of the court's determinations, we affirm.

Plaintiff and defendant were married and lived in Alaska from 1980 until they separated. They divorced in 1987 in Alaska. Part of the divorce decree was a custody arrangement dividing physical custody of their two preschool children between them equally. Both parents were considered excellent parents.

In August, 1988, plaintiff moved to Maine with the children and the man who is now her husband. In September, 1988, defendant moved to Pennsylvania, then to

Maine briefly to be near the children, and then back to Pennsylvania in June, 1989. From the time they came to Maine until the start of this lawsuit in March, 1989, the children visited Pennsylvania twice for a total of 63 days. The parties attempted to follow the Alaskan divorce decree and split the custody of the children equally. Both were dissatisfied with the arrangement and concerned with its impact on their children.

■ Defendant filed a motion to modify the custody arrangement in Fairbanks, Alaska on February 27, 1989, seeking to have primary physical custody during the school year given to him. On March 8, 1989, plaintiff filed a motion to modify the arrangement in the District Court, Waterville, seeking to have primary physical custody during the school year vested in her even if the two parties lived in the same geographic area. Reviewing defendant's motion to dismiss for lack of subject matter jurisdiction, on April 13, 1989, the District Court assumed jurisdiction and the case was removed to Superior Court by defendant. The Alaska Superior Court stayed defendant's motion to modify on April 20, 1989, stating that Alaska would only assume jurisdiction if Maine decided that it lacked jurisdiction. Defendant filed a counterclaim on May 9, 1989 to plaintiff's motion for custody. He also asked the Maine Superior Court to decline jurisdiction. The court refused to decline jurisdiction and eventually modified the Alaska custody arrangement slightly and denied defendant's counterclaim. The order was filed on March 15, 1990 and defendant appealed *pro se* on April 13, 1990. The defendant first contends that the court erred in exercising jurisdiction over this case. We disagree. 19 M.R.S.A. § 804(1) (1981) provides in pertinent part that:

A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

A. This State is the home state of the child at the time of commencement of the proceeding, or has been the child's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; [or]

B. It is in the best interest of the child that a court of this State assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this State, and there is available in this State substantial evidence concerning the child's present or future care, protection, training and personal relationships.

Home state is defined as "the state in which the child immediately preceding the time involved lived with his parents, a parent or a person acting as a parent, for at least six consecutive months.... Periods of temporary absence of any of the named persons are counted as part of the six month or other period." 19 M.R.S.A. § 803(5) (1981).

The Superior Court specifically based jurisdiction on 19 M.R.S.A. § 804(1)(A) and (B). The court found that Maine was the children's home state because the children had lived in Maine six months prior to the commencement of the action notwithstanding two extended visits to Pennsylvania with the defendant. The defendant argues on appeal that because the parents had equal custody, the time spent in Pennsylvania with him was not a temporary absence, cannot be counted in the six month time, and the children, therefore, have no home state.

■ We conclude that there was ample evidence on which the court could base its finding that Maine was the home state and the visits to Pennsylvania constituted temporary absences. But this conclusion is largely academic because even if we accept the defendant's assertion that the children have no home state, the court also based jurisdiction on section 804(1)(B). At the time plaintiff commenced this action, all the parties, including defendant, lived in Maine and none of them planned to return

to Alaska. Plaintiff was employed and planned to marry in Maine. Defendant was planning to enter law school in Pennsylvania. At least plaintiff had a significant connection to the state and there was available substantial evidence of the children's present or future care in satisfaction of section 804(1)(B). The finding of jurisdiction was proper.[1]

 Next, the defendant argues that the Superior Court erred in modifying the Alaska child custody arrangement. Again, we disagree. Once jurisdiction is established, the question that the court must first consider on a motion to modify a custody arrangement is whether there "[h]as occurred since the prior custody order a change in circumstances sufficiently substantial in its effect upon the best interests of the children as to justify a modification of the custody arrangement." *Villa v. Smith*, 534 A.2d 1310, 1312 (Me.1987). On appeal, the court's decision to modify a custody order will only be disturbed if the factual findings on which it is based are clearly erroneous or if it has abused its discretion in crafting the new order. *See Ziehm v. Ziehm*, 433 A.2d 725, 730 (Me. 1981); *see also Harmon v. Emerson*, 425 A.2d 978, 982 (Me.1981) ("clearly erroneous" rule means court's findings stand unless there is no competent evidence to support them). When a "presiding justice, acting as a 'wise, affectionate and careful' parent; [cite omitted], ... concludes after a thorough and careful review of the evidence ... that [a custody order] is the best arrangement for the child," this court will not overturn it, "[a]s long as there is ra-

tional support for the decision." *Sheldon v. Sheldon*, 423 A.2d 943, 946 (Me.1980).

The facts of change since the first custody decree are not in dispute. Plaintiff remarried and the parties relocated to different states, the plaintiff and the children to Maine and the defendant, first to Pennsylvania, then to Maine briefly, then back to Pennsylvania where, at the time of the court's hearing, he was a fulltime law student. The court noted these changes in its self-initiated findings of fact. In the transcript of the hearing, it cited these changes, "to mention only three." The court also heard evidence that the oldest child had entered school and the equal sharing arrangement that had worked in Alaska when the children were preschoolers and where all parties had lived since the children's birth did not appear to be working in this new environment, evidenced by the children's emotional instability. The court determined these changes had a substantial effect on the children and a slight change in the custody arrangement was necessary in their best interests. Its finding was not clearly erroneous.

The Alaska decree awarded equal physical custody, splitting the school year and the summer in half, to the two parents if they lived in the same geographic area, with weekly visitation for the non-custodial parent and alternating holidays. If the parents lived in different geographic areas, the Alaskan court gave plaintiff physical custody during the school year, and defendant physical custody in the summer, defined as one week after school ends until

1. In a related argument, the defendant argues that this case should have been dismissed because all the relevant evidence was in Alaska and, since he lacked the funds to bring witnesses to Maine or otherwise produce their testimony, the court's refusal to dismiss did not give him an adequate opportunity to be heard and thus his time with his children, a constitutionally protected right, was limited without due process of law.

19 M.R.S.A. § 808 (1981) gives a court discretion to dismiss if it finds Maine is an inconvenient forum. The court found that Maine was the most convenient forum.

Defendant's due process challenge does not change the correctness of this determination.

"It cannot be disputed that a parent has a fundamental liberty interest in maintaining his familial relationships ..." *In re Randy Scott B.*, 511 A.2d 450, 452 (Me.1986). In deciding whether to grant jurisdiction to determine or modify a custody arrangement, the court must do so in a way that is fundamentally fair. *See id.* at 452. The record reflects the proper balance among defendant's interests. The risk of deprivation of such interest by granting jurisdiction and the probable value of the additional safeguard, i.e., the live or telephonic witnesses; and the interests of the state in protecting the children's best interest based on present and future needs. *See id.* at 452.

one week before school starts, and Christmas vacation.

The presiding justice in this case, acting as a "wise, affectionate and careful parent," decided that even if the parents were in the same geographic area, physical custody should be with plaintiff because the children have evidenced a need for this increased stability and have done well with it. To balance this need for stability with the need to see their father, if the parties live in the same geographic area, the defendant could have custody of the children on alternate weekends. The defendant would have physical custody during six weeks in the summer, alternate school vacations and visitation rights at any time on 48 hours notice. The court made these changes to reflect the children's need for stability, the importance of allowing them time with their father, and the court's and the parties' understanding that "the greatest amount of exposure to both parents is in the best interests of the children." The court also made it clear that at anytime and especially if the defendant moves into the same geographic area, the parties might need to adjust this agreement voluntarily, or, if necessary, with the help of the court. The court did not abuse its discretion in ordering this modification. Read in its entirety, the court's decision reflects a keen sensitivity for the needs of all parties.

■■■■ Defendant also claims the court erred in denying his motion to enforce the Alaskan decree so that he could receive copies of psychological reports done about his children, in denying his motion for continuance of mediation and the hearing and in failing to obtain the whole Alaskan record. The court denied the first motion because it had no relationship to the relief sought and went on to order the relief under M.R.Civ.P. 26(b). We find no abuse of discretion in this ruling.[2] Similarly, the

court did not abuse its discretion in denying the continuance motions. The court decided that because of the geographic distance, the defendant's financial problems and the nature of the issues, mediation should be scheduled close to the hearing and that although defendant had only six days notice of the actual date of the mediation and hearing, he had at least six months notice that a hearing would take place, an adequate time to prepare. Finally, although it was error for the court not to request the complete Alaskan record as mandated by 19 M.R.S.A. § 823 (1981), this error was harmless. The record in this contains substantial parts of that proceeding that were carefully considered by the court in crafting its modifications and the absence of the entire Alaskan record did "not affect the substantial rights of the part[y]." *See* M.R.Civ.P. 61.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** On appeal, defendant argues the court erred by not enforcing his parental rights under the Alaskan decree and that what he sought was more comprehensive than the expert report made for discovery purposes. The larger issue of whether the defendant's parental rights gave him equal access to all psychological records, even when made in preparation for a lawsuit, was not properly before the court at the motion hearing nor does it appear that it was argued during the modification hearing. This issue was not preserved for appellate review and, after reviewing the whole record, including the defendant's thorough cross-examination of the psychologist whose records were sought, we conclude the error now claimed by the defendant was not obvious error resulting in an injustice.