Ronald NOLETTE

v.

Mary O'NEIL.

Supreme Judicial Court of Maine.

Submitted on Briefs June 20, 1996.
Decided July 31, 1996.

---

Craig T. Gardner, Gardner, Gardner & Murphy, Saco, for Plaintiff.

Eric Cote, Saco, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN and LIPEZ, JJ.

LIPEZ, Justice.

Ronald Nolette appeals from a judgment entered in the Superior Court (York County, *Brodrick, A.R.J.*) granting him expanded visitation rights with his son, Steven. Nolette contends that the court exceeded its authority when it included in its order a statement prohibiting him from filing any post-divorce motions for a period of three years from the date of the judgment. We agree, and we modify the judgment accordingly.

*Background*

Nolette and Mary O'Neil were divorced in February 1994. At the time of the divorce, Nolette and O'Neil had one minor child, Steven. O'Neil was awarded primary physical residence of Steven as well as sole parental rights and responsibilities. Nolette was granted one weekend per month of visitation supervised by his parents.

In October 1994, pursuant to 19 M.R.S.A. § 752(12) (Supp.1995), Nolette filed a motion to amend the existing divorce judgment, seeking shared parental rights and responsibilities and expanded visitation. After a contested hearing, the court increased Nolette's visitation to every other weekend, two weeks in the summer, and alternating Christmas mornings, and ordered O'Neil to provide Nolette with the names and addresses of Steven's school and medical providers. The court retained the requirement that visitation be supervised by Nolette's parents. The court's order also imposed the following limitation on Nolette:

> Lastly, plaintiff is not permitted to file another post divorce motion in this case for a period of three years from the date of this order. The only exception to this is to change the supervisor of visitation.

Pursuant to M.R.Civ.P. 59(e), Nolette filed a motion to alter or amend the court's judgment, asserting that the court was without authority to prohibit him from filing additional post-divorce motions for a period of three years from the date of that order. After the court denied Nolette's motion, he filed this appeal.

*Discussion*

The decision of a court to modify a divorce judgment " 'will only be disturbed if the factual findings on which it is based are clearly erroneous or if it has abused its discretion crafting the new order.' " *Rowland v. Kingman*, 629 A.2d 613, 616 (Me.1993) (quoting *Ehrlich v. Bloom*, 585 A.2d 809, 812 (Me.1991)). 19 M.R.S.A. § 752(12) provides in relevant part:

> Upon the motion of one or both of the parents, or any agency or person who has been granted parental rights and responsibilities or contact with respect to a child under this section, the court may alter its order concerning parental rights and responsibilities or contact with respect to a minor child as circumstances require.

This language permits modification of custodial orders whenever there is a change in circumstances sufficiently substantial to affect the best interests of the child. *Ehrlich,* 585 A.2d at 812 (citing *Villa v. Smith,* 534 A.2d 1310, 1312 (Me.1987)), *cert. denied,* 502 U.S. 870, 112 S.Ct. 201, 116 L.Ed.2d 161 (1991). The court's order on visitation proscribes Nolette from bringing a motion to modify that order for three years, *regardless*

of a change in circumstances.[1] By its terms, such a proscription conflicts with section 752(12).

O'Neil argues that the court acted within its "inherent power to limit litigation" when it precluded Nolette from returning to court for three years. Specifically, she cites the rule that a court may enjoin a party from filing frivolous and vexatious lawsuits. *See Spickler v. Key Bank of Southern Maine,* 618 A.2d 204, 207 (Me.1992) (citing *Gordon v. Department of Justice,* 558 F.2d 618 (1st Cir.1977); *Clinton v. United States,* 297 F.2d 899, 902 (9th Cir.1961); *Liedtke v. Fillenworth,* 372 N.W.2d 50, 52 (Minn.App.1985)).

■ Although courts may enjoin a party from initiating further court proceedings, such action may only be taken if there is a "detailed showing of a pattern of abusive and frivolous litigation." *Spickler,* 618 A.2d at 207. There was no such showing in this case.

Speculation by a party that frivolous motions might be filed in the future does not constitute proof of vexatious litigation.[2]

The entry is:

Judgment modified by deleting the last paragraph, stating: "Lastly, plaintiff is not permitted to file another post divorce motion in this case for a period of three years from the date of this order. The only exception to this is to change the supervisor of visitation"; and as modified, affirmed.

All concurring.

1. At the hearing, the court gave this reason for the prohibition:

   Also, I don't think he [Nolette] should come back into court for 3 years.... And the main reason for that is he is a recovering alcoholic and his prior problem was very severe based on what I've heard today and based on the Guardian's report which I read and the abuse was severe. And I think he should show at least five years of recovery before he seeks unsupervised visitation given the severity of what went on in the past.

   Nolette was permitted to come back to court to "change the supervisor of visitation" because Nolette's parents, the supervisors of his visitation with Steven, were planning to move to Florida in the near future.

2. In *Knight v. Knight,* No. 7750, — A.2d — (Me. July 26, 1996), we dealt with an order precluding visitation by a parent with his children until the children reach the age of ten. In response to the argument that this order precluded reconsideration of the visitation issue until the children were ten years old, and hence represented the same abuse of discretion present in this case, we ruled that the visitation order was subject to modification at an earlier date if there was a change of circumstances sufficiently substantial to affect the best interests of the children. The order of the court in this case does not permit that interpretation. It precludes Nolette from seeking a change in the visitation order even if there is a substantial change in the circumstances.