1997 ME 80

**Margaret ROWLAND**

v.

**Robert E. KINGMAN.**

Supreme Judicial Court of Maine.

Argued March 5, 1997.

Decided April 17, 1997.

---

E. Stephen Murray, (orally), Murray, Plumb & Murray, Portland, ME, for plaintiff.

Peter B. Bickerman (orally), Augusta, ME, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

GLASSMAN, Justice.

[¶ 1] Robert E. Kingman appeals from the judgment entered in the Superior Court (Cumberland County, *Wheeler, J.*)[1] granting Margaret Rowland's motion to amend the judgment of divorce granted to the parties to

---

1. Sitting by designation pursuant to 4 M.R.S.A. § 157–C (1989).

provide, *inter alia*, that the primary residence of their two minor children be with Rowland in Lake Oswego, Oregon, and denying Kingman's motions to reopen the record, pursuant to M.R.Civ.P. 43(j), and for relief from judgment, pursuant to M.R.Civ.P. 60(b). Kingman contends the court erred by failing to apply the correct burden of proof required of Rowland to establish a change of circumstances, and the court abused its discretion by its determination that the change substantially affected the best interests of the children and by denying his motion, pursuant to M.R.Civ.P. 60(b), to vacate its judgment. We affirm the judgment.

[¶ 2] The record discloses the following pertinent facts: The parties were granted a judgment of divorce on May 16, 1991, that provided, *inter alia*, the primary physical residence of their two minor children, Edwin, born on January 13, 1983, and Meagan, born on April 17, 1985, be with Rowland at her residence in Yarmouth with reasonable rights of visitation with the children by Kingman, who resided in Winslow. In *Rowland v. Kingman*, 629 A.2d 613 (Me.1993), *cert. denied*, 510 U.S. 1074, 114 S.Ct. 884, 127 L.Ed.2d 78 (1994), we affirmed the November 19, 1992, decision of the trial court, on Kingman's motion to amend the judgment, providing, *inter alia*, that the primary physical residence of the children remain with Rowland if she resided in Yarmouth, but should she move to Oregon to be with her present husband the children's primary physical residence would be with Kingman on condition that he reside in Yarmouth. Both parties presently reside in Yarmouth.

[¶ 3] Rowland filed the present motion in April 1994, seeking a modification of the November 1992 judgment to allow her to move to Oregon with the parties' two children. Kingman opposed the motion on the ground that since November 1992 there had occurred no change that substantially affected the best interests of the children. Following a four-day evidentiary hearing in September 1995, the court issued its order on April 12, 1996, granting Rowland's motion, and a judgment was entered accordingly. Thereafter, Kingman filed motions for appointment of counsel for the children, to reopen the record pursuant to M.R.Civ.P. 43(j), and for relief from judgment, pursuant to M.R.Civ.P. 60(b). Following a hearing, the court appointed a guardian ad litem for the children. After receipt of the guardian ad litem's report and following a hearing, the court denied Kingman's motions, and Kingman appeals.

Kingman first contends the court failed to require that Rowland, as the moving party, establish by a preponderance of the evidence that since November 1992 there had occurred a change in circumstances sufficiently substantial in its effect on the best interests of the children to justify a modification of the custody arrangement. Although Kingman acknowledges that the doctrine of *res judicata* cannot be applied to child custody proceedings, he argues that the November 1992 judgment established that Rowland's proposed relocation was not in the best interests of the children and the court improperly allowed Rowland's continuing desire to relocate to be a basis for the reevaluation of the children's best interests.

[¶ 4] The law is well established that pursuant to 19 M.R.S.A. § 752 (1996), in the context of a divorce action, the trial court "has the sole and continuing authority to determine parental rights and responsibilities with respect to a minor child of the parties...." *Gerber v. Peters*, 584 A.2d 605, 607 (Me.1990). On the motion of one or both parents the trial court may alter its prior judgment concerning parental rights and responsibilities or contact with respect to a minor child as circumstances require. 19 M.R.S.A. § 752(12) (Supp.1996). When, as here, both parents and the children have been residing in this state and one parent seeks by a proper motion to alter a prior judgment on the ground of an intended relocation of the children to another state, section 752(12) provides that this is a substantial change in circumstances warranting a review by the court of any previous arrangements of parental rights and responsibilities with respect to minor children. *Rowland v. Kingman*, 629 A.2d at 615. *Kingman* cites no authority, and we know of none, that specifies when a parent can file a motion seeking to alter a prior judgment relating to the

custody arrangements for minor children. It is self-evident that abuses of the provisions of section 752(12) are reduced by the burden placed on the moving party to establish by a preponderance of the evidence that, since the prior custody order, there has occurred a change in circumstances sufficiently substantial in its effect on the best interests of the children to justify a modification of the custody arrangements. *Philbrick v. Cummings,* 534 A.2d 1307, 1308 (Me.1987).

■ [¶ 5] We find nothing in this record to support Kingman's contention that Rowland, as the moving party, was relieved of this burden of proof. The trial court expressly stated that the intended relocation was not the decisive factor in its determination. The record reflects that Rowland's proposed relocation and the evidence of any other change in circumstances that had occurred since the November 1992 judgment was considered by the court to determine if the requisite change had occurred. *Ehrlich v. Bloom,* 585 A.2d 809, 812 (Me.1991), *cert. denied,* 502 U.S. 870, 112 S.Ct. 201, 116 L.Ed.2d 161 (1991). Our review of the record in this case discloses no clear error in the court's finding of the historical facts. *Philbrick v. Cummings,* 534 A.2d at 1308.

[¶ 6] Kingman next contends the trial court abused its discretion by its determination that the change of circumstances was sufficiently substantial in its effect on the best interests of the children to justify the court's modification of the primary physical residence of the children. He does not challenge the court's findings; rather, he argues that the findings "are based on a clear misapprehension by the court of the meaning of the pertinent evidence." We disagree.

■ [¶ 7] We have recently stated that "[i]n connection with both the original di-

vorce judgment and any motions for a change of the primary physical residence [of minor children] 'the sensitive questions relating to the upbringing of minor children of divorced parents must of necessity be committed to the sound judgment of the trial [court that] hears the witnesses who describe the relevant circumstances of the case.'" *Cloutier v. Lear,* 1997 ME 35, ¶ 4, 691 A.2d 660 (Me.1997) (citing *Boutin v. Dionne,* 458 A.2d 426 (Me.1983)). The court must "discern, 'as a wise, affectionate and careful parent,' what custody arrangements will further the child's best interest." *Cyr v. Cyr,* 432 A.2d 793, 796 (Me.1981) (citation omitted). Our review of this record discloses no abuse of discretion in the court's evaluation of the substantiality of the effect on the children's interests of any factual change. *Cloutier v. Lear,* 1997 ME 35, ¶ 4, 691 A.2d 660. As we stated in *Ehrlich v. Bloom:*

> When [the trial court], acting as a wise and affectionate and careful parent ... concludes after a thorough and careful review of the evidence ... that a custody order is the best arrangement for the child, this court will not overturn it, as long as there is rational support for the decision.

585 A.2d at 812 (citations, quotations, and brackets omitted). This record clearly discloses that the trial court carefully considered and evaluated the evidence before it in reaching its determination as to the best arrangement for the minor children of the parties, and that there is rational support for its decision.

[¶ 8] Finally, Kingman contends the court abused its discretion by denying his motion pursuant to M.R.Civ.P. 60(b). He states none of the grounds set forth in Rule 60(b) [2] as a basis for granting relief from the court's

---

2. Maine Rule of Civil Procedure 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), mis-

representation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment....

Based on Kingman's motion, the court properly did not consider the applicability of (4) or (5).

April 1996 judgment. Rather, he argues that in the unique circumstances of this case the court should have vacated its judgment to allow testimony by the children. We disagree.

[¶ 9] The law is well established that we review the denial of a motion for relief from a judgment pursuant to M.R.Civ.P. 60(b) for an abuse of discretion. *Meiners v. Aetna Casualty and Surety Co.,* 663 A.2d 6, 8 (Me.1995). Here, the issue centers around the letters written to the court by the children after they learned the contents of the April 1996 judgment. After a hearing, *inter alia,* on Kingman's motion pursuant to Rule 60(b), the court found that the information in the letters fell into two general categories: (1) the children's views as to their own and Rowland's relationship with their stepfather and (2) the children's preference to have both their parents reside in Yarmouth. The court noted that the children's relationships with their mother, their father and their stepfather were extensively explored at the September 1995 hearing and that Kingman had ample opportunity to explore the relationship between Rowland and her husband at that hearing. It determined that the perspective of the children as expressed in the letters, written by them in circumstances outlined in the guardian ad litem's report, did not overcome the weight of the evidence adduced at the September 1995 hearing. With regard to the children's preference, the court stated, and the April 1996 decision of the court reflects, that this preference was consistent with the information provided to the court at the September 1995 hearing and was considered by the court in reaching its decision on Rowland's motion. The court concluded that Kingman failed to establish that the information contained in the children's letters fell within the purview of Rule 60(b)(1), (2), (3), or (6), and accordingly denied his motion. On this record, we cannot say the court abused its discretion by denying Kingman's motion.

The entry is:

Judgment affirmed.