STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
Docket No. AP-99-29

SKS-KEN- 6/15/2000

SHEILA DRISCOLL,              )
(f/k/a Sheila Fenderson)      )
          Plaintiff,          )
                              )
                              )
      v.                      )      **ORDER ON APPEAL**
                              )
                              )
MARK FENDERSON,               )
          Defendant.          )

This matter came before the court on the Defendant's M.R. Civ. P. 76D appeal of the District Court's order dated October 23, 1998 amending his right to parent-child contact. The court has fully considered the trial court decision, the record on appeal and the parties' briefs and oral argument. The appeal will be denied for reasons set forth below.

## Background

The parties were married and had one child, Natalie, who was born on August 4, 1994. The parties were divorced by order of the Augusta District Court on October 31, 1996. The court granted defendant limited visitation rights but deferred ruling on the issue of overnight weekend contact and summer and vacation contact "pending [defendant's] completion of an alcohol abuse evaluation by a licensed substance abuse counselor, and the submission of the report to the court and any further proceedings before the court with respect to such issue." Additionally, the court ordered that all of defendant's parent-child contact was conditioned on, among other things, him not consuming "any alcoholic beverages before and during any parent-child contact on the day of such contact." IDefendant did not appeal this order.

In March of 1997, a hearing was held at which defendant presented testimony from two alcohol abuse experts regarding their evaluations of him. Based on this evidence, the trial court gave defendant more extensive visitation rights including overnight visits and holiday and vacation time. The court further ordered that if plaintiff had probable cause to believe that defendant had not complied with its order not to consume alcoholic beverages before or during his visitation with Natalie, then she was entitled to "suspend parent-child contact and notify the court of such suspension and the basis therefor by affidavit." I Pursuant to this provision, on July 31, 1998 and August 3, 1998, plaintiff filed affidavits notifying the court that she had suspended defendant's visitation rights for failure to comply with the

court's order not to consume alcoholic beverages before or during his visitation with Natalie. On August 4, 1998 the court issued an order suspending defendant's visitation rights pending further proceedings finding that there was probable cause to believe that defendant had violated the court's order.

On October 14, 1998 a hearing was held on the issue of suspension and the court issued its second order amending the Divorce Judgment on October 23, 1998. The court found that defendant had violated its prior order and ordered that defendant's parent-child contact remain suspended until he "successfully completes a 28-day residential alcohol abuse program and a report from a qualified program personnel is provided to the court and to [plaintiff's] attorney." Upon receipt of the report, the court will hold a hearing on the issue of resumption of defendant's parent-child contact. It is from this order that the defendant, proceeding pro se, now appeals to this court.

### Discussion

On motion of one or both parents, the trial court may alter its prior judgment concerning parental rights and responsibilities or contact with respect to a minor child upon a showing of a substantial change in circumstances. 19-A M.R.S.A. § 1657 (1998). The burden is on the moving party "to establish by a preponderance of the evidence that, since the prior custody order, there has occurred a change in circumstances sufficiently substantial in its effect on the best interests of the [child] to justify a modification of the [visitation] arrangements." *Rowland v. Kingman*, 1997 ME 80, ¶ 4, 692 A.2d 939, 942. Once this burden is met, the court must "discern, 'as a wise, affectionate and careful parent,' what . . . arrangements will further the child's best interest." *Id.* ¶ 4 (citing *Cyr v. Cyr*, 432 A.2d 793, 796 (Me. 1981)). "On appeal, the court's decision to modify a custody order will only be disturbed if the factual findings on which it is based are clearly erroneous or if it has abused its discretion in crafting the new order." *Ehrlich v. Bloom*, 585 A.2d 809, 812 (Me. 1991). Under the clearly erroneous test, "a lower court's findings of fact will stand 'unless they clearly cannot be correct because there is *no* competent evidence to support them.'" This court should not overturn a custody order "[a]s long as there is rational support for the decision." *Ehrlich*, 585 A.2d at 812 (quoting *Sheldon v. Sheldon*, 423 A.2d 943, 946 (Me. 1980)).

The defendant does not challenge any of the factual findings made by the court. He does not dispute that he consumed alcoholic beverages during his visitation with Natalie in July of 1998 in direct violation of the court's order. Specifically, defendant had Natalie for one week of vacation from July 4, 1998 through July 12, 1998. During this week, a private investigator, hired by plaintiff, observed and filmed defendant buy and consume beer on two occasions. He does not dispute that he was picked up for OUI on July 14, 1998 and was later convicted of that charge. He does not dispute that just two weeks later, on July 25, 1998, he was picked up again for OUI, this time during one of Natalie's overnight visitations. Considering this undisputed evidence, this court cannot conclude that the trial court's decision to suspend defendant's visitation rights and order participation in a 28 day residential treatment program before resuming visitation was clearly erroneous or an abuse of discretion. *See Lee v. Lee*, 595 A.2d 408, 413 (Me. 1991)

(affirming custody order conditioning unsupervised visitation on parent remaining sober and refraining from the use of alcohol during periods of contact with the child and granting parent six consecutive weeks of summer contact only upon parent's completion of an alcohol treatment program). It seems that the defendant is simply dissatisfied with the trial court's decision, but dissatisfaction alone is not a basis for appeal. The question on appeal, as noted above, is not whether the appellate court would have decided the motion differently, but whether the trial court decision was clearly erroneous. Finding no error, the appeal must be denied.

The plaintiff has requested an award of her attorney fees for defense of the appeal. The plaintiff was awarded such fees for prosecution of the motion which is the subject of this appeal, and she should receive those fees for the appeal also. The court finds the amount of the reasonable attorney fees to be $899.

## Entry

For the reasons stated above, the entry will be: (1) Appeal denied; (2) Mark Fenderson shall pay to Kristin Gustafson, Esq. the sum of $899 for Ms Driscoll's reasonable attorney fees, execution to issue; (3) Remanded to the District Court.

Dated: June 15, 2000

S. KIRK STUDSTRUP
JUSTICE, SUPERIOR COURT

Date Filed ___4/23/99___ ___Kennebec___ Docket No. __AP99-29__
County

Action __Appeal from District Court__
Divorce

Sheila H. Fenderson Driscoll          VS.     Mark Fenderson

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Kristen A. Gustafson, Esq.<br>One Weston Court<br>P.O. Box 2147<br>Augusta, Maine 04338 | Mark Fenderson, Pro Se<br>Hilton Road, P.O. Box 39<br>North Whitefield, Maine  04345 |

| Date of Entry | |
|---|---|
| 4/26/99 | Appeal from Northern Kennebec District Court with all Papers, filed.<br>s/Fenderson, Pro Se    (filed 4/23/99) |
| ------ | Notice of briefing schedule mailed to atty and Dft. of record. |
| 6/4/99 | Appellants brief filed.  s/Fenderson, Pro Se<br>Notice of setting for___10/7/99___ |
| 9/15/99 | sent to attorneys of record. Motion for Extension of Time to Respond to Defendant's Brief, filed.<br>s/Gustafson, Esq.<br>Motion to Continue October 7, 1999 Hearing, filed. s/Gustafson, Esq. |
| 9/17/99 | MOTION FOR EXTENSION OF TIME, Hjelm, J.<br>Appellee's brief shall be due on October 15, 1999.<br>Copies mailed to atty and Dft.<br><br>ORDER ON MOTION TO CONTINUE, Hjelm, J.<br>GRANTED. Hearing on appeal continued to next available date after 10/29/99.<br>Copies mailed to atty and Dft. |
| 10/13/99 | Brief of appellee Sheila L Driscoll filed.  s/Gustafson Esq |
| 11/12/99 | Motion to Continue November 23, 1999 Hearing, filed. s/Fenderson, Pro Se. |
| 11/15/99 | Letter from attorney Gustafson indicating no objection to the motion to continue. |
| 11/22/99 | MOTION TO CONTINUE, Studstrup, J.<br>The motion to continue the hearing presently scheduled for November 23, 1999 is continued to the next civil motion day.<br>Copies mailed to atty and Dft.<br><br>Notice of setting for___6/1/00___<br><br>sent to attorneys of record. |
| 6/1/00 | Hearing had on appeal with Justice Kirk Studstrup, presiding. Tape 530 Index 1022-1732.<br>Kristen Gustafson, Esq. for the Plaintiff and Mark Fenderson, Pro Se Deft. |

| Date of Entry | Docket No. _____ |
|---|---|
| ------ | Oral arguments made to the court.<br>Court to take matter under advisement. Court to issue Order. |
| 6/14/00 | Affidavit of Fees, filed. s/Gustafson, Esq. |
| 6/19/00 | ORDER ON APPEAL, Studstrup, J. (signed 6/15/00)<br>For the reasons stated above, the entry will be: (1)Appeal denied; (2) Mark Fenderson shall pay to Kristin Gustafson, Esq. the sum of $899 for Ms Driscoll's reasonable attorney fees, execution to issue; (3) Remanded to the District Court.<br>Copies mailed to atty. of record and pro se defendant.<br><br>Copies mailed to Garbrecht Law Library, Deobrah Firstone,and Goss Data Service, Inc. |