1999 ME 11

### Marion A. KINTER

v.

### Dennis A. NICHOLS.

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 22, 1998.
Decided Jan. 14, 1999.

Judtih W. Andrucki, Hark • Andrucki, Lewiston, for plaintiff.

Dennis A. Nichols, Hallowell, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Marion Kinter appeals from the judgment of the Superior Court (Kennebec County, *Marden, J.*) dismissing her motion to amend a divorce judgment; denying her motion for the appointment of a guardian ad litem; and denying her motion to waive mediation. Kinter argues that she was entitled to an evidentiary hearing on her post-judgment motion in which she sought to change the primary physical residence of the parties' minor children. Because we agree that she was entitled to present evidence on the issue of whether there was a substantial change in circumstances affecting the best interests of the children, we vacate the judgment granting the motion to dismiss. We affirm the denial of Kinter's motions for the appointment of a guardian ad litem and to waive mediation.

[¶ 2] The parties were divorced in January 1995. The divorce was uncontested, with both a settlement agreement and a marital property agreement incorporated into the divorce judgment. The judgment provides

that the parties share the parental rights of their two sons who are presently fifteen and eight years old. Pursuant to the settlement agreement, the primary residence of the children is with the father, Dennis Nichols. The settlement agreement acknowledged that the mother, Marion Kinter, would be moving to Alaska and provides that the children spend summer and winter vacations there with her.

[¶ 3] In April 1997, Kinter filed a motion to amend the divorce judgment seeking the primary physical residence of the children. She also requested the appointment of a guardian ad litem and sought to waive the mediation requirement contained in the settlement agreement. Nichols responded by filing a motion to dismiss and opposing both the appointment of a guardian ad litem and the waiver of mediation.[1] A hearing was scheduled on the pending motions for July 10, 1997, at which time there was a discussion on the record between the court and both counsel as to whether the matter was ready for an evidentiary hearing on the motion to amend.[2] After hearing the arguments of counsel, the court took under advisement the motions to dismiss, for the appointment of a guardian ad litem, and to waive mediation. No evidence was presented. In its written decision the court granted Nichols' motion to dismiss; denied Kinter's motion for appointment of a guardian; and denied Kinter's motion to waive mediation.

[¶ 4] Although the court did not expressly state that it was doing so, it analyzed Nichols' motion to dismiss as though it were made pursuant to M.R. Civ. P. 12(b)(6). The court stated that it assumed the truth of the allegations in the motion to amend, but they did not show a "change in circumstances sufficiently substantial in its effect on the best interest of the children as to justify a modifi-cation of the custody arrangement." *Villa v. Smith*, 534 A.2d 1310, 1312 (Me.1987).

[¶ 5] We conclude that the allegations in Kinter's motion to amend are adequate to show a change in circumstances which have a sufficiently substantial effect on the best interests of the children to warrant a change of primary residence. In her motion, Kinter alleges that she is remarried; she has a new job; she has nearly finished building a new home; and the children's maternal grandmother, who has a close relationship with the children, now lives with her. She also alleges that the oldest child (fourteen years old at the time of the motion) consistently states that he wants to live with her; that Nichols has not been flexible about vacation time; that Nichols is not supportive of communications between Kinter and the children; and that Nichols conveys his anger about the divorce and Kinter to the children.

[¶ 6] The fact that Kinter now lives in Alaska is not a change in circumstances because that fact was known at the time of the divorce, and it was acknowledged that the children would have one parent living in Maine and one living on the other side of the continent. Kinter's argument focuses on the desire of the older child to live with her, Nichols' attitude about contact and visitation, and his display to the children of his anger at Kinter. These allegations, in combination, show a substantial change in circumstances which affect the best interests of the children. These facts, if unrefuted, indicate that Nichols' anger and attitude are no longer conducive to the same sharing of parental rights enjoyed by the parties in the past and that his attitude may be the reason the older child wants to live with Kinter.

[¶ 7] With which parent a child should primarily reside is a very sensitive question and "heavily factbound." *Villa*, 534

---

1. Nichols also filed a motion for contempt which the court denied. The ruling on the motion for contempt was not appealed.

2. Nichols was prepared to present evidence on the motion to amend but asked to be heard first on his motion to dismiss. Kinter's counsel stated that she understood that only the nontestimonial motions were for hearing. Nichols did not press for holding an evidentiary hearing that day or object to the procedure utilized by the court, that is, hearing argument on the other motions and taking them under advisement.

Kinter did not attend the hearing. Her counsel stated that Kinter preferred to remain in Alaska with the children who were on their summer visitation with her rather than travel to Maine and lose time away from the children.

A.2d at 1312. The facts are often infused with nuances and coated with an emotional overlay. The bare written facts in the pleadings pale in comparison to the texture and context that come from the testimony of witnesses. The allegation that a child wants to change his residence, combined with the changed attitude of a parent that is detrimental to a shared parental rights arrangement, requires the judge to see and hear the participants in order to sift through the layers and ascertain the actual circumstances. In so doing the court acts as a "wise, affectionate and careful parent" to determine what custody arrangement is in the child's best interest. *See Cyr v. Cyr*, 432 A.2d 793, 796 (Me.1981) (quoting *Sheldon v. Sheldon*, 423 A.2d 943, 946 (Me.1980)). This role of the judge, peculiar to parental rights disputes, requires an evidentiary hearing in this case.[3]

[¶ 8] Kinter also appeals the denial of her motion for the appointment of a guardian ad litem. The motion alleges that because Kinter lives in Alaska it is necessary to appoint a guardian to travel to Alaska to interview witnesses there and to provide the court with an objective opinion as to the children's best interests. The Superior Court opined that the motivation behind the motion was the anticipated cost of litigation, and it is obvious that the court did not deem this an adequate basis for the appointment.

[¶ 9] The statute governing the appointment of guardians ad litem gives the court the authority to appoint a guardian ad litem in contested cases in which a minor child is involved or whenever the court "has reason for special concern as to the welfare of a minor child." 19–A M.R.S.A. § 1507(1).[4] Al-

though the court did not expressly refer to the statute, it considered the factors listed in it. The court knew the wishes of the parties, that is, one party wanted a guardian and the other did not. *See* 19–A M.R.S.A. § 1507(1)(A). It was aware of the ages of the children. *See id.* at § 1507(1)(B). The court discussed the nature of the proceeding (*see id.* at § 1507(1)(C)) and the financial resources of the parties (*see id.* at § 1507(1)(D)).[5] The court also considered the "extent to which a guardian may assist in providing information concerning the best interest of the child" (*see id.* at § 1507(1)(E)); and it noted the lack of allegations of abuse (*see id.* at § 1507(1)(G) and (H)). The court did not base its decision to deny the appointment of a guardian ad litem on its dismissal of the underlying motion to amend. The court clearly viewed the parties' dispute as an on-going one.

[¶ 10] In *Cyr v. Cyr*, 432 A.2d 793, 798 (Me.1981) we made it clear that "the decision to appoint a guardian ad litem is left to the discretion of the presiding justice, who is in a better position than the Law Court to determine whether the present parties to the action can protect the minor's interests." Kinter argues that *Cyr* is inapplicable because it was decided before the enactment of the predecessor to 19–A M.R.S.A. § 1507 and our decision in *Miller v. Miller*, 677 A.2d 64, 69 (Me.1996). In *Cyr* we stated that a guardian ad litem is needed when "the minor's interests require separate representation." *Cyr*, 432 A.2d at 798. In *Miller* we noted that according to case law, which formed the basis for the statute, "a guardian ad litem's central responsibility is to assist

---

**3.** Because of this conclusion we do not reach Kinter's argument that motions to dismiss for failure to state a claim upon which relief can be granted are never appropriate for a post-divorce motion to modify primary residence of a child and that an evidentiary hearing must be held in all such cases. *See* M.R. Civ. P. 80(k) (requiring a hearing on all post-judgment divorce motions unless there is a stipulated judgment or amendment).

**4.** At the time of the hearing, the statute in effect was 19 M.R.S.A. § 752–A which was repealed by P.L.1995, c. 694, § B–1 (effective Oct. 1, 1997) and recodified at 19–A M.R.S.A. § 1507(1). The substance of the statute remained the same for

purposes of this case, so we cite to the current version for convenience.

**5.** Kinter's motion for the appointment of a guardian ad litem alleges that the parties have the capacity to pay the guardian's fees, although Kinter's motion to waive mediation alleges that both parties have "limited resources." In his objection to the motion for guardian ad litem, Nichols alleges that he does not have the ability to pay for a guardian. The court had the child support affidavits filed by the parties which showed the limited amount of their resources including the fact that Nichols was unemployed.

the court in its role as *parens patriae* to determine the best interests of the child(ren) ." *Miller,* 677 A.2d at 69 n. 8 (citations omitted). Although *Miller* and the statute have helped to clarify the role of the guardian ad litem, neither has changed the standard of review of decisions on appointments of guardians ad litem. Only if the court has abused its discretion will we overturn its decision. The court in this case did not abuse its discretion in denying the motion for a guardian ad litem.[6]

[¶ 11] Kinter also appeals the denial of Kinter's motion for a waiver of mediation. The court specifically ordered the parties to undertake mediation: "on any major issues relating to the children upon which they are unable to agree." The parties complied with the statutory requirement of mediation (*see* 19–A M.R.S.A. § 251(2)),[7] by participating in a telephonic mediation session with a court-appointed mediator two days before the July 10, 1997 hearing. At the July 10 hearing counsel for the parties acknowledged that the mediation session occurred.[8]

 [¶ 12] In their settlement agreement the parties agreed to submit disputes about the children, such as the dispute regarding the primary residence, to mediation *before* filing any motion in court, and it is for this provision that Kinter seeks a waiver. She cites no authority, either in her motion or her brief on appeal, for a court to order the waiver of a contractual provision agreed to by the parties. She alleges no grounds for the motion except the unlikelihood of a successful mediation and that it would be more efficient to hold mediation after a guardian ad litem has been involved. The first ground would not support a motion to waive the statutory mediation, which requires "extraordinary cause" for a waiver (19–A M.R.S.A. § 251(2)(B)), and should not be sufficient to undo a requirement established by the parties themselves. The second ground became meaningless once the appointment of a guardian ad litem was denied. *Therefore, the denial of the motion was not an abuse of discretion. Furthermore, even though a mediation was held in July 1997 on the issue of the primary residence of the children, the court's order to mediate further seems particularly appropriate on remand given the extraordinary amount of time that has passed since that mediation and the number of changes that may have occurred in the lives of the parties and the children since that point in time.

The entry is

Judgment dismissing Kinter's motion to amend vacated. Judgment denying motions for appointment of guardian ad litem and to waive mediation affirmed. Remanded to Superior Court for proceedings consistent with this opinion.

---

6. We express no view as to any action that the trial court should take on remand if the parties again request the appointment of a guardian ad litem because of circumstances that may have changed in the time that has passed since the July 10, 1997 hearing.

7. The mediation statute in effect at the time this motion was filed was 19 M.R.S.A. § 752(4), which was repealed by P.L.1995, c. 694, § B–1 (effective Oct. 1, 1997) and recodified at 19–A M.R.S.A. § 251(2). The substance of the statute remained the same for purposes of this case, so we cite to the current version for convenience.

8. In its written decision, the court stated that the parties had not participated in mediation, but this statement is incorrect.