2001 ME 165

**Michael R. COPPERSMITH**

v.

**Debra J. COPPERSMITH**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 21, 2001.

Decided: Dec. 10, 2001.

Barry T. Woods, Beagle & Ridge, LLC, Portland, for plaintiff.

Debra J. Coppersmith, Gorham, for defendant.

Kenneth P. Altshuler, Childs, Rundlett, Fifield, Shumway & Altshuler, LLC, Portland, Guardian ad Litem.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, and ALEXANDER, JJ.

RUDMAN, J.

[¶ 1] Debra Coppersmith appeals from the judgment entered in the Superior Court (Cumberland County, *Crowley, J.*) affirming the judgment entered in the District Court (Portland, *Perkins, A.R.J.*) amending her divorce decree to award residential custody of her son, Kevin, to his father. Debra contends, *inter alia,* that the District Court erred in finding that a substantial change of circumstances warranted the change in residential custody and erred in appointing and in relying on the report of the guardian *ad litem.* We disagree and affirm the judgment of the Superior Court affirming the judgment of the District Court.

[¶ 2] Before a change is made in a child's residential custody, the trial court must find a "substantial change of circumstances." *Stevens v. Stevens,* 448 A.2d 1366 (Me.1982). The purpose of a "substantial change" requirement is to prevent disappointed parents from bringing repeated motions to modify divorce decrees. Without such a requirement, the temptation is strong for the parent who is denied custody to bring repeated motions, "shopping" for a judge who will revise the order. *Id.*

[¶ 3] As we said in *Villa v. Smith,* 534 A.2d 1310, 1312 (Me.1987), the test of substantiality is the degree of significance the change has had in affecting the children's interest. In the instant situation, the court found five factors that indicated a substantial change. First, the parties agreed that Kevin's sister, Jennifer, would live with their father; second, both children had special education needs that the court found would be better met by their father; third, Kevin missed his elder sister and would benefit from being with her; fourth, the guardian *ad litem* in consultation with the family's therapist recommended that both children live with

their father; and fifth, the Cumberland school system utilizes an education program better suited to Kevin's needs. Substantial evidence supported the change in circumstances. The trial court did not err in changing Kevin's residential custody.

[¶ 4] Debra further claims that her procedural due process rights were violated by the court's appointment of the guardian *ad litem*. We review the appointment of a guardian *ad litem* for abuse of discretion. *Kinter v. Nichols,* 1999 ME 11, ¶ 10, 722 A.2d 1274, 1277–78. The appointment of a guardian *ad litem* is appropriate when the "minor's interests require separate representation." *Cyr v. Cyr,* 432 A.2d 793, 798 (Me.1981); *cf., Miller v. Miller,* 677 A.2d 64, 66–67 (Me.1996). The Legislature has provided a list of eight factors for the court to consider in determining whether to appoint a guardian *ad litem*. Among these factors are the "wishes of the parties," the "age of the child," "the contentiousness of the hearing," and "the extent to which a guardian ad litem may assist in providing information concerning the best interest of the child." 19–A M.R.S.A. § 1507(1) (West 1998). Given the extensive history of conflict between the parents and the age of Kevin (ten) and Jennifer's age (twelve), the District Court needed an objective and independent investigation into the interests and desires of the Coppersmiths' children, and did not abuse its discretion in appointing a guardian *ad litem*.

[¶ 5] Debra asserts that the guardian *ad litem* failed to provide a copy of the guardian *ad litem* report fourteen days before the hearing, as required under the statute. 19–A M.R.S.A § 1507(5) (West 1998). Debra gave the District Court no indication that the late arrival of the guardian *ad litem's* report would adversely affect her ability to continue with the hearing; she never moved for a continuance nor objected to the testimony of the guardian *ad litem* at the first hearing. The hearing, however, was continued and did not resume for another two and a half months. Debra cross-examined the guardian *ad litem* at both hearings. By her actions, Debra has failed to preserve any objection to the admission of the guardian *ad litem's* report.

[¶ 6] Debra further asserts that the court denied her Due Process rights by excluding her from a conference in chambers and by not returning from chambers and putting agreements and instructions to the guardian *ad litem* on the record. Debra Coppersmith is held to the strategic decisions and omissions of her attorney. *Cutillo v. Gerstel,* 477 A.2d 750, 752 (Me. 1984). It was for Debra's attorney to insist that agreements get recorded on the record. M.R. Civ. P. 43(e).

[¶ 7] Debra argues that the District Court's decision to end the hearings without closing arguments denied her procedural due process rights. The Maine Rules of Civil Procedure provide that a court may in its discretion hear argument, but this provision does not provide parties the opportunity to argue as a matter of right. M.R. Civ. P. 51(a) ("Counsel for each party shall be allowed such time for argument as the court shall order").

[¶ 8] Debra also challenges the dismissal of her complaint against the guardian *ad litem* by the Chief Judge of the District Court. Although Debra had every right to challenge the reliability of the guardian *ad litem's* report and testimony during the hearing, and did so extensively, separate complaints concerning performance of a guardian *ad litem* are governed by the guardian *ad litem* rules. *See* M.R. Guardian Ad Litem 4. Her complaint in this matter is still pending and is not properly

before us in this appeal. Debra's other assertions do not merit response.

The entry is.

Judgment affirmed.