2011 ME 66

**Deborah H. NEUDEK**

v.

**Arthur O. NEUDEK.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 27, 2011.

Decided: June 2, 2011.

John H. Branson, Esq., Law Office of John H. Branson, P.A., Portland, ME, for Arthur O. Neudek.

Susan M. Schultz, Esq., Givertz, Scheffee & Lavoie, P.A., Portland, ME, for Deborah H. Neudek.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

GORMAN, J.

[¶ 1] Arthur O. Neudek appeals from a judgment entered in the District Court (Portland, *Eggert, J.*) dismissing his motion to modify parental rights and responsibilities provisions in connection with his 2006 divorce from Deborah H. Neudek. Arthur challenges the court's judgment on grounds that the court erred in failing to conduct a hearing on his motion to modify and that the record does not support the court's determination that he failed to assert the substantial change in circumstances necessary for modification. We vacate the judgment and remand the matter to the District Court for the required hearing.

## I. BACKGROUND

[¶ 2] Arthur and Deborah were divorced in 2006 by a stipulated judgment entered in the District Court (*Humphrey, C.J.*) awarding Deborah sole parental rights and responsibilities for their two minor children, with Arthur's visits supervised by a local agency.

[¶ 3] In February of 2007, Arthur sought a modification of the judgment. By amended divorce judgment, the court (*MG Kennedy, J.*) maintained that part of the judgment granting Deborah sole parental rights and responsibilities, but awarded Arthur unsupervised weekend daytime visitation with the children. The court afforded Deborah the right to "unilaterally

adjust the contact schedule or impose reasonable conditions upon Arthur's contact with the children," however, in the event of emotional and/or physical risk to the children. The court also ordered that overnight and extended contact with the children could resume "if and only if" Arthur provided written evidence to Deborah and the children's guardian ad litem that he had completed a psychological evaluation, was in compliance with all civil and criminal court orders, received psycho-education regarding post-traumatic stress disorder (PTSD) and child anxiety, continued with individual counseling, and allowed the guardian ad litem access to his treatment records.

[¶ 4] In April of 2009, and in August of 2009, Arthur again moved to modify the judgment, seeking additional contact with his son. Following a hearing, the court (*Beaudoin, J.*) found that Arthur had physically assaulted his daughter in January of 2009, and that Deborah thereafter had reasonably suspended Arthur's contact with the children as she was authorized to do by the amended divorce judgment. The court denied Arthur's motion to modify, made no change to that portion of the judgment that granted Deborah sole parental rights and responsibilities, and granted Deborah the right to determine what contact, if any, Arthur would have with the children. Arthur's appeal of that judgment to this Court was dismissed because he failed to submit a brief. *See* M.R.App. P. 4(c), 7(b), (d), 12A(b)(2).

[¶ 5] On July 1, 2010, Arthur filed the current motion to modify seeking unsupervised visitation, including overnight visits, with his son. Arthur asserted that he had completed five months of successful supervised visits and three months of successful unsupervised visits with the parties' son, he had participated in counseling, and

"family conflict is substantially less than last year."

[¶ 6] Deborah disputed the facts asserted in Arthur's motion, and moved to dismiss the motion to modify on the ground that "[t]here has been no substantial change of circumstances warranting modification." On the order of a magistrate (*Oram, M.*), Arthur filed an affidavit describing how circumstances had changed since the most recent amended divorce judgment was issued, and Deborah filed a responsive affidavit.

[¶ 7] In the affidavit he filed in support of his motion, Arthur stated that he has spent more time with his son on a supervised and unsupervised basis, "has demonstrated a consistent pattern of emotional self-control," now understands PTSD and has changed his communication style accordingly, and has established a strong and healthy bond with his son.

[¶ 8] In her affidavit, Deborah stated that Arthur's behavior remains erratic, he continues to be untruthful and manipulative, "[n]othing has changed since the last Order that would indicate [Arthur] is now capable of controlling his behavior or that his pattern of maintaining good behavior for a period of time and then 'losing it' has changed," and Arthur continues to be an emotional and physical threat to the children.

[¶ 9] The court did not conduct a hearing, testimonial or otherwise, on the motion to modify or the motion to dismiss. By order dated September 9, 2010, the court (*Eggert, J.*) granted Deborah's motion to dismiss Arthur's motion, stating:

[Arthur's] affidavit does not support a finding that ... there are material changes in circumstances that further support a modification of the Divorce Judgment. [Arthur's] affidavit does demonstrate some changes in his behavior that make it likely that the present

arrangement provided for in the Divorce Judgment will work as intended, but that does not constitute a material change in circumstances that requires an evidentiary hearing to determine if the Divorce Judgment should be modified.

Arthur appeals.

## II. DISCUSSION

[¶ 10] Title 19–A M.R.S. § 1657(1) (2010) governs the modification of a parental rights and responsibilities order: "An order for parental rights and responsibilities may be modified or terminated as circumstances require ... [u]pon the petition of one or both of the parents ...." 19–A M.R.S. § 1657(1)(A). We have interpreted section 1657 to allow such modification only when the moving party can demonstrate a "substantial change in circumstances since the entry of the most recent decree," as long as such modification serves the best interest of the child. *Smith v. Padolko*, 2008 ME 56, ¶ 11, 955 A.2d 740, 744 (quotation marks omitted); *see* Levy, *Maine Family Law* §§ 6.6.1 at 6–53 to 6–54, 6.6.2 at 6–55 to 6–57 (6th ed.2009). We review de novo whether the District Court was required to conduct a hearing on Arthur's motion to modify. *See Copp v. Liberty*, 2008 ME 97, ¶ 6, 952 A.2d 976, 978.

■ [¶ 11] The rules of procedure in family division cases expressly require the court to conduct a hearing on a motion to modify unless certain, specific conditions are met:

The court shall hold a hearing on a motion for post-judgment relief, unless (i) the parties certify to the court that there is a stipulated judgment or amendment and no hearing is necessary, or (ii) there is no timely request for a hearing on a motion to modify child support and entry of an order without hearing is authorized by 19–A M.R.S. § 2009(6).

M.R. Civ. P. 120(b); *see Kinter v. Nichols*, 1999 ME 11, ¶ 7, 722 A.2d 1274, 1277 (stating that the "role of the judge, peculiar to parental rights disputes, requires an evidentiary hearing [on a motion to modify parental rights and responsibilities]" because of "the texture and context that come from the testimony of witnesses"); Levy, *Maine Family Law* § 6.6.1 at 6–54 ("Rule 120(b) also mandates that a hearing be held unless the parties certify that there is a stipulated judgment or amendment and no hearing is necessary."). Because the court did not conduct this required hearing, we must vacate the judgment and remand the matter for the court to do so.

■ [¶ 12] Furthermore, we note that dispositive motion practice, such as Deborah's motion to dismiss the motion to modify, is rarely appropriate in domestic relations cases on questions that involve fact disputes or judgmental evaluations of evidence in a record.[1] *See, e.g., C.E.W. v. D.E.W.*, 2004 ME 43, ¶ 6 n. 3, 845 A.2d 1146, 1148. However, when one party's filing of serial motions to modify becomes burdensome for the opposing party and/or the court, the court does have the authority to create orders and/or impose sanctions tailored to the circumstances presented.[2]

---

1. In addition to our conclusion that a motion to dismiss was not the appropriate method for disputing Arthur's motion to modify, we note that given the broad language of the underlying order, Arthur did assert sufficient facts in his motion to survive a motion to dismiss. *See Fortin v. Roman Catholic Bishop of Port-*

*land*, 2005 ME 57, ¶ 10, 871 A.2d 1208, 1213 (requiring that, on a motion to dismiss, all of the asserted facts must be taken as true).

2. Deborah requested an order limiting Arthur's filings without first obtaining court approval, *see Spickler v. Dube*, 644 A.2d 465,

In those orders, the court may list precisely what would, and would not, be sufficient to establish the significant change in circumstances required for modification. In that event, although a hearing pursuant to Rule 120(b) would still be required to allow the court to determine whether the moving party had established that a significant change in circumstances had occurred, such a hearing could be focused and limited in scope by the terms of a prior order. In appropriate circumstances, the court could also consider allocation of responsibility for payment of attorney fees and costs and, if it finds a motion frivolous or vexatious, impose appropriate sanctions. The court could also require payment of attorney fees or costs, awarded after consideration of a prior motion, as a precondition for consideration of any subsequent motion.

The entry is:

Judgment vacated. Remanded to the District Court for a hearing on Arthur's motion to modify.

468–69 (Me.1994), but the motion was mooted by the court's entry of a final judgment.