MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 4
Docket:        Han-15-215
Submitted
 On Briefs:    December 17, 2015
Decided:       January 12, 2016

Panel:         SAUFLEY, C.J., and MEAD, GORMAN, JABAR, and HJELM, JJ.

BARBARA A. (MACOMBER) HERO

v.

JOSEPH O. MACOMBER

MEAD, J.

[¶1]  Joseph O. Macomber appeals from a judgment entered by the District Court (Ellsworth, *Mallonee, J.*) granting Barbara A. (Macomber) Hero's motion to enforce a provision of the parties' divorce judgment requiring the sale of certain real property in a commercially reasonable manner.  On appeal, Joseph contends that (1) the court abused its discretion in denying his motion to continue; (2) the court erred in failing to grant or make findings on a motion for an expedited hearing; and (3) the court's finding that the sale of real property was commercially reasonable was not supported by sufficient evidence in the record.  We affirm the judgment.

## I. BACKGROUND

[¶2] Viewing the evidence in the light most favorable to the court's judgment, the record supports the following facts. *Pearson v. Wendell*, 2015 ME 136, ¶ 2, --- A.3d ---. Joseph and Barbara were married in 1995, and Barbara filed for divorce in 2012. The court entered a divorce judgment on October 17, 2014, that incorporated the terms of a mutual agreement between the parties. Among the marital property subject to the divorce judgment is certain real property on Water Street in Castine. In 2012, the Water Street property was appraised to have a fair market value of $515,000. The terms of the divorce judgment provided that "[a]s soon as practicable, Water Street shall be sold in a commercially reasonable manner and the parties are ordered and required to take all steps reasonably required to effect such a sale." Pending the sale, the parties shared the Water Street property as tenants in common; Joseph held a 27.5% undivided interest and Barbara held a 72.5% undivided interest. Once the sale of the Water Street property was consummated, each party would receive proceeds consistent with their respective interest in the property.

[¶3] In addition to his interest in the Water Street property, Joseph was also awarded exclusive ownership of real property situated at The Shore Road (Shore Road) in Castine, which was encumbered by a mortgage in the amount of

$129,000. The judgment required Joseph to use his proceeds from the sale of the Water Street property to pay any indebtedness on the Shore Road property.

[¶4] On February 3, 2015, Barbara filed a motion to enforce the judgment with regard to the sale of the Water Street property and a motion for an expedited hearing on the matter. In her motion to enforce, Barbara indicated that she sought to sell the property for $300,000 and had secured a buyer for that amount, but that Joseph refused to consent because, he contended, the sale was commercially unreasonable given that the property had been appraised at $515,000 three years earlier. On March 19, 2015, the motion for an expedited hearing was granted, and the court issued a notice of hearing for all pending motions to be held on April 7, 2015.

[¶5] Joseph failed to attend the hearing on April 7, 2015, because notice was sent to an incorrect address. Two days later, the court issued a notice of hearing to the correct address indicating that the hearing on the motion to enforce would be held on April 15, 2015. On the day before the hearing, Joseph filed a motion to continue citing the death of his father and his need to obtain a lawyer. In response to his motion, Barbara's counsel posited that "[f]ailure to sell to this buyer now is not going to guarant[ee] a higher price in the future. And in fact, what is likely to occur is we have a very real potential of the town of Castine for[e]closing its municipal real estate mortgage."

4

[¶6]  On April 15, 2015, the court denied the motion to continue based on the time-sensitive situation and Joseph's adequate opportunity to secure an attorney.  The court proceeded to hold the hearing that day after offering Joseph a brief opportunity to prepare; it received six exhibits and heard testimony from two witnesses—the prospective buyer and Barbara.  Joseph did not object, offer any evidence, or conduct any cross-examination during the hearing.  At the conclusion of the hearing, the court granted Barbara's motion to enforce.  Joseph appealed.

## II.  DISCUSSION

### A.    Motion for Continuance

[¶7]   "In reviewing a trial court's decision to deny a motion for a continuance, we look first at the reasons contemporaneously presented in support of the request for the continuance because the party seeking a continuance has the burden of establishing a substantial reason why granting the continuance would further justice." *Daud v. Abdullahi*, 2015 ME 48, ¶ 5, 115 A.3d 77 (citations omitted) (quotation marks omitted).  "We review a court's denial of a motion to continue for an abuse of discretion examining whether the denial had any adverse prejudicial effect on the movant's substantial rights and viewing each case largely upon its own facts and circumstances."  *State v. Dube*, 2014 ME 43, ¶ 13, 87 A.3d 1219 (citations omitted) (quotation marks omitted).

[¶8]   Joseph contends that the court abused its discretion in denying his motion to continue because he presented substantial grounds for the motion, including the death of his father and his need to obtain a lawyer.  Although he referred to it in his written motion, Joseph did not mention the death of his father at the hearing; rather, he argued only that he did not have adequate time to find a lawyer.

[¶9]   Contrary to Joseph's contention, the court did not exceed the bounds of its discretion in denying Joseph's motion to continue.  The court appropriately considered the time-sensitive nature of the motion such that the property was subject to a possible foreclosure and a sale was ready to be consummated but for Joseph's delay.  In addition, Joseph had sufficient time to secure an attorney.  In the two months that followed the filing of the motion to enforce, Joseph utilized, at least to a limited extent, the services of an attorney to address issues relating to the sale of the Water Street property.  Six days' notice of the hearing date, in this context, is sufficient time to secure an attorney.  *See Daud*, 2015 ME 48, ¶¶ 6-8, 115 A.3d 77 (holding that eight days' notice before a hearing on a protection order was sufficient time to secure counsel).

B.     Motion for Expedited Hearing

[¶10]   Joseph argues that the court erred in failing "to make any ruling whatsoever" on the motion for an expedited hearing.  Contrary to Joseph's

6

assertion, the court indeed granted the motion for an expedited hearing as evidenced by the docket entry granting the motion and the notice of hearing issued on the same day. In addition, Joseph contends that the court erred in failing to make findings on the motion for an expedited hearing because Maine Rule of Civil Procedure 107(b) states that "[n]o ruling granting substantive relief shall be made without notice and opportunity to be heard." In granting the motion, however, the court did not grant substantive relief; rather, it simply set the date of a future hearing for which Joseph was timely notified and afforded an opportunity to be heard.

C.    Sufficiency of the Evidence

[¶11] Joseph alleges that (1) the trial court did not have sufficient evidence before it to find that the property would be sold in a commercially reasonable manner; and (2) allowing the sale for $300,000 constituted a "de facto modification of the original property distribution" because, in reaching their agreement, the parties contemplated a sale price of $515,000. Because Joseph presented no evidence and never objected to any testimony or exhibit, the entirety of the evidence in the record is uncontroverted. Both Barbara and the prospective buyer presented evidence showing that the fair market value of the property was around $300,000. To that end, Barbara was competent to testify as to the value of her property as informed by brokers' opinions. *See Peters v. Peters*, 1997 ME 134,

¶ 14, 697 A.2d 1254. Thus, because the record supports the court's finding that the property was to be sold for its fair market value, Joseph has not demonstrated that any insufficiency in the sale process worked to his economic disadvantage.

[¶12] Joseph's modification argument is also unpersuasive. Joseph contends that the terms of the divorce judgment "allow him to live without a mortgage" on the Shore Road property following the sale of the Water Street property. The terms of the agreement, however, do not provide a minimum sale price or any guarantee that the sale proceeds would satisfy the mortgage in its entirety. Although this may have been the ultimate goal contemplated by Joseph in agreeing to the divorce settlement, the plain terms of the divorce judgment show that the sale is guided by commercial reasonableness only.

The entry is:

Judgment affirmed.

**On the briefs:**

Ronald P. Lebel, Esq., and Sarah C. Mitchell, Esq., Skelton Taintor & Abboott, Auburn, for appellant Joseph O. Macomber

Elizabeth A. Boepple, Esq., Lambert Coffin, Portland, for appellee Barbara A. (Macomber) Hero