MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2017 ME 216
Docket:        Lin-17-227
Submitted
  On Briefs:   October 24, 2017
Decided:       November 14, 2017

Panel:         SAUFLEY, C.J., and MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

BRIDGET K. MILLER

v.

DAVID W. NERY

PER CURIAM

[¶1]  David W. Nery appeals from a judgment of the District Court (Wiscasset, *Raimondi, J.*) modifying a divorce judgment to confer sole parental rights and responsibilities on Bridget K. Miller and impose conditions on Nery's contact with the parties' four children.  Nery argues (1) that the court misinterpreted or misapplied the statute governing the determination of the children's best interests, and (2) that it abused its discretion in ordering Nery to undergo sobriety testing before and during all visits with the children, and to have a psychological evaluation and begin any recommended treatment before overnight visits may be resumed.  We affirm the judgment.

## I. BACKGROUND

[¶2] Nery and Miller were married in 1997, had their four children between 2003 and 2010, and were divorced in November 2014 through a judgment entered by the District Court. As subsequently amended, the judgment provided for shared primary residence and parental rights and responsibilities, required counseling for the parties' youngest son, and, with the agreement of the parties, ordered that a referee would be appointed to resolve parenting disputes.

[¶3] In December 2016, Miller moved to modify and enforce the judgment and for contempt on the grounds that the children's medical needs were not being attended to adequately at Nery's home, that Nery had been drinking alcohol to excess and arguing loudly with his current wife in the children's presence, and that Nery had failed to execute necessary releases for the parties' youngest child to attend counseling and obtain treatment as required by the divorce judgment. Nery moved to modify the divorce judgment on the ground that Miller had been unwilling to co-parent.

[¶4] The court held a hearing on the motions in February and April 2017. The court found, with evidentiary support, that Nery engaged in a pattern of behavior that undermined his youngest son's medical treatment,

including by denying the existence of the child's increasingly serious health problem; refusing to administer medications; acting in conflict with Miller to such an extent that one doctor refused to meet with the parents unless a third person was present; and asking repetitive questions of the child's counselor, who felt badgered by Nery's questions and refused to treat the child.

[¶5]  Nery similarly attempted to have his other children removed from medications.  He denied his oldest child's need for an asthma inhaler and sent the child on an overnight field trip without it.  He also denied that his youngest daughter has asthma or needs an inhaler.  He made unreasonable demands of the children's pediatrician's office, including a request that his children be removed from all medications, and he accused the doctor of drugging his children.  When Miller brought the medical issues to the referee's attention, the referee instructed the parents to follow the doctors' advice.  The court found that Nery's behavior with medical and psychological professionals was not in the children's best interests.

[¶6]  The court further found that the children have been exposed to arguing and fighting between Nery and his current wife, including during times when the parties' oldest son believes that Nery was not sober.  That son

4

worries about Nery because Nery often smells of alcohol and has driven with the children in the car at times when he did not seem sober.

[¶7]  The court granted both Miller's motion to modify and her motion for contempt.[1]  It modified the divorce judgment to, among other things, grant Miller sole parental rights and responsibilities,[2] provide Nery a schedule of contact with the children, require Nery to enroll and participate in Level 1 Soberlink services six hours before scheduled contact and at least every four hours during his contact with the children,[3] and condition Nery's overnight contact with the children on the following:

- Completion of a substance abuse evaluation that includes input from Miller;

- Completion of a psychological evaluation focused on Nery's parenting capacity and co-parenting skills;

- Engagement in recommended treatment regarding any identified issues; and

- The filing of an affidavit with the court establishing successful completion of these requirements.

---

[1]  The judgment on the motion for contempt is not on appeal.

[2]  The court specifically found, "Shared parental rights is not workable with this family."

[3]  On the first day of the hearing, in February 2017, Nery agreed to engage in Level 2 Soberlink testing, which called for testing every day at regular intervals, but he later denied that he had given his consent, and he had not initiated testing by the time of the April hearing dates.

[¶8]   Nery timely appealed.  *See* 14 M.R.S. § 1901 (2016); 19-A M.R.S. § 104 (2016); M.R. App. P. 2 (Tower 2016).[4]

## II.  DISCUSSION

[¶9]   The court did not misinterpret or misapply 19-A M.R.S. § 1653(3) (2016) in prioritizing the children's safety and well-being when determining their best interests.  *See id.*; *Curtis v. Medeiros*, 2016 ME 180, ¶ 14, 152 A.3d 605 (citing *In re Jacob C.*, 2009 ME 10, ¶ 9, 965 A.2d 47).  In a detailed and thoughtful judgment, the court explained that Nery's behavior presented a heightened concern "with respect to the basic care and safety of the children"—a concern that must take priority in determining child residence and rights of contact.  *See* 19-A M.R.S. § 1653(3) ("In making decisions regarding the child's residence and parent-child contact, the court shall consider as primary the safety and well-being of the child.").

[¶10]   As the court found, Nery at times "repeats his points multiple times, appearing to be entirely deaf to anything anyone has to say to the contrary"; his "behavior with medical and psychological professionals who are trying to assist his children has been unreasonable, irrational, confrontational, and sometimes downright harassing"; he "denies the existence of his

---

[4]  This appeal was commenced before September 1, 2017, and therefore the restyled Maine Rules of Appellate Procedure do not apply.  *See* M.R. App. P. 1 (restyled Rules).

6

children's medical issues"; and whatever the cause of his "complete inability to co-parent," the issue "must be addressed before overnight visitation can be restored." The court found, with support in the evidentiary record, that "[a]t one time or another, [Nery] has been unwilling to cooperate with Ms. Miller as a co-parent in almost every child related area: medical, educational, extracurricular activities, daycare, uninsured medical expenses and child support."

[¶11] The cause of Nery's unreasonable, uncooperative, and often odd behavior is not known, and the court found that it was "not in the position to diagnose the nature of the problem." In these circumstances, the court acted well within its discretion in ordering Nery's sobriety testing before and during any visits to ensure the children's safety, *see Pearson v. Ellis-Gross*, 2015 ME 118, ¶ 4, 123 A.3d 223, and in requiring that, before the children resume overnight visits in Nery's home, he undergo substance abuse and psychological evaluations and follow any recommended treatment to modify his pattern of behavior that is demonstrably harming the children, *see Vibert v. Dimoulas*, 2017 ME 62, ¶¶ 18-19, 159 A.3d 325.

The entry is:

Judgment affirmed.

Jennifer A. Davis, Esq., Law Office of Jennifer A. Davis, Topsham, for appellant David W. Nery

Justin W. Andrus, Esq., Andrus Law, LLC, Brunswick, for appellee Bridget K. Miller

Wiscasset District Court docket number FM-2013-89
FOR CLERK REFERENCE ONLY