MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2023 ME 2
Docket:         Wal-22-107
Submitted
  On Briefs:    September 21, 2022
Decided:        January 5, 2023

Panel:          STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

PAT DOE

v.

JAMES H. WALSH

CONNORS, J.

[¶1]  James H. Walsh appeals from a judgment of the District Court (Belfast, *Walker, J.*) ordering his divorce from Pat Doe[1] and awarding sole parental rights and responsibilities of their two children to Doe. Walsh contends that the trial court abused its discretion in requiring that he disclose his counseling records to Doe in order to have contact with their children.[2]

---

[1] Pursuant to federal law, we do not identify the plaintiff because of a protection from abuse order between the parties and limit our description of events and locations to avoid revealing "the identity or location of the party protected under [a protection] order" as required by 18 U.S.C.S. § 2265(d)(3) (LEXIS through Pub. L. No. 117-214). *See Doe v. Hewson*, 2022 ME 60, ¶ 1 n.1, --- A.3d ---.

[2] Walsh also asserts that the trial court erred or abused its discretion in (1) denying his motion to continue so that he could find counsel to represent him at the final hearing, (2) admitting and relying on testimony from Doe that contained inadmissible hearsay, and (3) dividing the marital portion of the parties' home equally. These arguments are unavailing, and we do not discuss them further. *See Hero v. Macomber*, 2016 ME 4, ¶¶ 7-9, 130 A.3d 398 (setting forth the test for reviewing a court's denial of a motion to continue and noting that six days' notice before a hearing was sufficient to find an attorney); *State v. Rega*, 2005 ME 5, ¶¶ 16-17, 863 A.2d 917 (explaining that when a party affirmatively requests that hearsay evidence be presented, that party has failed to preserve the issue

Because the order broadly requires Walsh to produce all counseling records, but federal and state law circumscribe such production, we vacate that portion of the judgment.

## I. BACKGROUND

[¶2]  Walsh and Doe were married in 2009 and have two children together.  In April 2021, Doe filed two complaints in the District Court—one seeking an order for protection from abuse, which was granted shortly thereafter, and one requesting a divorce from Walsh.  During the pendency of the divorce proceedings, pursuant to the order of protection, Doe was awarded temporary sole parental rights and responsibilities of the children, and Walsh was ordered to participate in therapy and was granted reasonable rights of contact with the children at Doe's discretion.

[¶3]  Roughly six to seven years before Doe filed the complaint for divorce, Walsh's mental health began deteriorating.  In 2018 to 2019, his mental health worsened, and Walsh experienced increasingly frequent episodes of paranoia and anger that caused arguments between him and Doe. There were instances when Walsh destroyed items of personal property,

---

for appellate review); *Bond v. Bond*, 2011 ME 54, ¶¶ 15-17, 17 A.3d 1219 (reviewing a trial court's distribution of property and discerning no abuse of discretion in its determination).

threatened violence against Doe, and physically restrained Doe. At times, these behaviors occurred in front of the children. Sometimes Walsh would come out of these episodes and realize that his behavior was inappropriate and would apologize. When Walsh is mentally well, he is a loving and devoted father to the children.

[¶4] Walsh testified that his mental health problems are due to untreated alcoholism, which Doe disputed and the trial court did not find credible. In November 2021, Walsh's contact with the children ended, partially out of Doe's concern that Walsh was not attending therapy as required by the order of protection. Doe requested "proof of counseling"[3] to resume visits but did not receive a response until late December. After receiving a response, visits were arranged to resume in January 2022, but Walsh never appeared for the visits. Doe wants the children to be able to visit with Walsh and have a healthy relationship with him but is worried about his erratic and sometimes violent nature.

[¶5] The District Court held a two-day hearing on Doe's complaint for divorce on January 19 and February 9, 2022. Doe was represented by counsel

---

[3] During the hearing, Doe testified that this inquiry was not requesting any details of Walsh's counseling; the inquiry was simply whether Walsh was consistently attending sessions.

4

and Walsh represented himself. On March 10, 2022, the court issued its judgment, which granted Doe a divorce due to irreconcilable differences. As to the children, the trial court ordered, inter alia, that Doe would have sole parental rights and responsibilities of the children and discretion as to when and how Walsh would have contact with the children. The court also ordered that Walsh "provide his counseling records to [Doe] through [a] supervised visitation agency to [help] convince [Doe] to allow visitation with the [children] and to help [Doe] know when and how this should occur." Walsh timely appealed.[4] *See* 14 M.R.S. § 1901(1) (2022); M.R. App. P. 2B(c)(2)(B).

## II. DISCUSSION

[¶6] In the context of parental rights and responsibilities, we review the trial court's factual findings for clear error and its ultimate conclusion of law for an abuse of discretion. *Vibert v. Dimoulas*, 2017 ME 62, ¶ 15, 159 A.3d 325.

[¶7] When a trial court determines parental rights and responsibilities, it must apply the best interest of the child standard as set forth in 19-A M.R.S. § 1653(3) (2022). "Section 1653(3) affords the trial court broad discretion in making its best interest determination, so long as children's safety and

---

[4] Prior to filing his notice of appeal, Walsh filed a motion for additional findings of fact pursuant to M.R. Civ. P. 52(b) and the trial court denied the motion. The trial court's findings and the denial of Walsh's motion are not material to the present appeal.

well-being are central to the court's decision." *Vibert*, 2017 ME 62, ¶ 19, 159 A.3d 325. This discretion, however, is not limitless. "The critical test in determining the propriety of the exercise of judicial discretion is whether, under the facts and circumstances of the particular case, it is in furtherance of justice." *Guardianship of Stevens*, 2014 ME 25, ¶ 16, 86 A.3d 1197 (quotation marks omitted).

[¶8] Under Maine law, an individual generally may access and obtain copies of their own medical records. *See* 22 M.R.S. §§ 1711, 1711-B (2022). Specifically, with certain exceptions, upon written authorization, "a health care practitioner shall release copies of all treatment records of a patient or a narrative containing all relevant information in the treatment records to the patient." 22 M.R.S. § 1711-B(2).

[¶9] Section 1711-B acknowledges that Maine confidentiality law is coextensive with federal law by referencing the provision in the Code of Federal Regulations (CFR) that sets forth access and timing standards for protected health information. *See id.* (citing 45 C.F.R. § 164.524 (2019)). Although not expressly incorporated into section 1711-B, section 164.524 of the CFR includes several exceptions to an individual's general right of access. Relevant here is section 164.524(a)(1)(i), which provides that "an individual has a right

of access to inspect and obtain a copy of protected health information about the individual in a designated record set . . . *except for* . . . [p]sychotherapy notes." 45 C.F.R. § 164.524(a)(1)(i) (2021) (emphasis added). Psychotherapy notes are defined[5] as

> notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint, or family counseling session and that are separated from the rest of the individual's medical record.

45 C.F.R. § 164.501 (2021); *see also Standards for Privacy of Individually Identifiable Health Information*, 65 Fed. Reg. 82462, 82733 (Dec. 28, 2000) (to be codified at 45 C.F.R. pts. 160, 164) (explaining that psychotherapy notes are excluded from the general right of access because an individual's privacy interests in having access to the notes are outweighed by the potential harm caused by such access).

[¶10] Here, the trial court ordered that Walsh provide his "counseling records" to Doe through a supervised visitation agency to convince her to allow visitation with the children. The specific language used in the judgment is

---

[5] The following are excluded from the definition of psychotherapy notes: "medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: Diagnosis, functional status, the treatment plan, symptoms, prognosis, and progress to date." 45 C.F.R. § 164.501 (2021).

problematic because the term "counseling records" is overly broad. It could be interpreted to include information that meets the definition of psychotherapy notes, which, as discussed, Walsh does not have an absolute right to access under federal law. *See State v. Olah*, 2018 ME 56, ¶¶ 1, 6, 19-21, 184 A.3d 360 (reviewing the trial court's decision to grant a motion to quash a subpoena requesting "all counseling records . . . involving any discussion of sexual abuse" and using the terms "counseling records" and "mental health records" to describe such information). Thus, Walsh may not be able to comply with the court-ordered condition precedent to having contact with his children. *See Aranovitch v. Versel*, 2015 ME 146, ¶ 13, 127 A.3d 542 (noting that a trial court abuses its discretion when it acts based on a mistaken view of the law); *cf. Ames v. Ames*, 2003 ME 60, ¶ 22, 822 A.2d 1201 (explaining that an individual is not in contempt if they do not have the ability to comply with the court's order).

### III. CONCLUSION

[¶11] Given the potential that the term "counseling records" could include information that Walsh may not have a right to access under federal and state law, the trial court abused its discretion in imposing this condition. As such, we vacate that portion of the judgment so that the trial court can

8

narrow what is required of Walsh before he may have contact with his children. Any order entered should allow Doe to evaluate Walsh's pertinent mental health to determine when and how visitation should occur.[6] The order must do so, however, without requiring Walsh to produce all his mental health records.

The entry is:

> The provision of the divorce judgment requiring that Walsh provide Doe with copies of his counseling records is vacated. Remanded for issuance of an amended judgment consistent with this opinion.

---

Michelle R. King, Esq., Irwin & Morris, Portland, for appellant James H. Walsh

Joseph W. Baiungo, Esq., Belfast, for appellee Pat Doe

Belfast District Court docket number FM-2021-75
FOR CLERK REFERENCE ONLY

---

[6] By way of example, Walsh may be ordered to undergo counseling and treatment, which was ordered here. *See Sloan v. Christianson*, 2012 ME 72, ¶ 22, 43 A.3d 978; *Malenko v. Handrahan*, 2009 ME 96, ¶ 17, 979 A.2d 1269. He may also be ordered to prove to Doe that he is complying with the counseling requirement, but not to disclose the counseling records themselves to Doe. *See* 45 C.F.R. § 164.501 (excluding from the psychotherapy note definition session start and stop times, modalities of treatment, results of clinical tests, and summaries of diagnoses, treatment plans, prognoses, etc.); *Neudek v. Neudek*, 2011 ME 66, ¶ 3, 21 A.3d 88. Walsh could also be ordered to undergo an independent psychological assessment or evaluation and to provide the results of the assessment or its recommendations to Doe. *See Miller v. Nery*, 2017 ME 216, ¶ 11, 173 A.3d 147; *Vibert v. Dimoulas*, 2017 ME 62, ¶¶ 18-19, 159 A.3d 325; *Sloan*, 2012 ME 72, ¶ 22, 43 A.3d 978. An evaluation is not treatment but is performed to answer a specific question and does not include the information discussed during treatment sessions, which is the concern here. *Cf.* Deborah Paruch, *The Psychotherapist-Patient Privilege in the Family Court: An Exemplar of Disharmony Between Social Policy Goals, Professional Ethics, and the Current State of the Law*, 29 N. Ill. U.L. Rev. 499, 539 (2009).